**E-FILED on** ___9/7/2012___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ABFC 2007-WMC1 TRUST,<br><br>Plaintiff,<br><br>v.<br><br>CAROLINA G. BILBAENO, and Does 1 through 5, inclusive,<br><br>Defendants. | No. C-12-01707 RMW<br><br>ORDER GRANTING MOTION FOR REMAND AND DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS<br><br>**[Re Docket No. 15]** |

Plaintiff moves to remand this case to San Mateo County Superior Court and for an award of reasonable attorney's fees. Defendant did not file a written opposition nor appear at the hearing. Having considered plaintiff's motion and the record in this case, the court grants the motion to remand and denies the request for fees.

**ANALYSIS**

Plaintiff U.S. Bank National Association initiated this case by filing a complaint for unlawful detainer in San Mateo County Superior Court on March 14, 2012. Defendant Carolina G. Bilbaeno removed the case to this court on April 5, 2012. On May 2, 2012, defendant filed a Notice of Filing of Bankruptcy Petition and of the Automatic Stay. Plaintiff subsequently filed a request for judicial notice of orders of the bankruptcy court vacating the automatic stay of the unlawful detainer action

and dismissing the bankruptcy case; the request for judicial notice is hereby granted.  Plaintiff now moves to remand on the grounds that the notice of removal is defective and that the court lacks subject matter jurisdiction.  Plaintiff also seeks an order that defendant pay its costs and fees incurred as a result of the improper removal.

### A. Subject Matter Jurisdiction

Defendant's notice of removal asserts that this court has original jurisdiction under 28 U.S.C. § 1332 and that the action may be removed pursuant to 28 U.S.C. § 1441(b).  Defendant appears to have overlooked the part in § 1441(b) that prevents her from removing this case:

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (amended 2011).  Although defendant quotes an older version of the statute, it still contains language to the same effect:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (2002) (emphasis added).  This case was brought in California, and defendant's notice of removal states that she is a citizen of California.  Thus, the case is not removable on the basis of diversity jurisdiction.

Defendant's notice of removal also asserts that this court jurisdiction under 28 U.S.C. § 157(b)(2) and § 1334.  These statutes govern jurisdiction over cases under title 11, which is the bankruptcy code.  Although defendant later filed for bankruptcy, this is not a bankruptcy case. Thus, § 157 and § 1334 do not provide a basis for this court to exercise jurisdiction.

Finally, defendant's notice of removal contends that removal is proper because this is an action arising under the laws of the United States.  However, "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  Plaintiff's complaint states only a claim for unlawful detainer and is not based upon any federal statute.  The purported federal questions alleged

by defendant do not appear on the face of plaintiff's complaint, and therefore they cannot establish federal question jurisdiction.

Defendant's notice of removal appears to state that she has a separate action pending against plaintiff, which she asserts raises a federal question and which she is seeking to consolidate with the unlawful detainer action. Since defendant's action is not before this court, the court cannot rule on the consolidation issue. However, defendant's assertion of claims against plaintiff does not change the fact that federal question jurisdiction must appear on the face of plaintiff's complaint: "a counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complaint–cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Thus, defendant's claims do not give rise to removal jurisdiction over the unlawful detainer action.

In sum, defendant has not identified a viable basis for this court to exercise subject matter jurisdiction. Accordingly, the motion to remand is granted.

**B.     Fees**

28 U.S.C. § 1447(c) states, in part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff seeks attorney's fees in the amount of $2,000.

This court has broad discretion to award fees under § 1447(c). *See Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). At the same time, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

As discussed above, defendant has not identified any basis for removal. The arguments put forth in the notice of removal reflect fundamental misunderstandings about the test for federal jurisdiction and the rules governing removal. Thus, the court finds there was not an objectively reasonable basis for removal. Accordingly, it is well within the court's discretion to award fees.

However, although some courts have awarded fees in these circumstances, other courts have exercised their discretion to decline to award fees where the defendant is pro se. *E.g.*, *Deutsche Bank Trust Co. Americas v. Bradford*, 2012 WL 3069155, No. 12-cv-01077-RS (N.D. Cal. 2012)

ORDER GRANTING MOTION FOR REMAND AND DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS—No. C-12-01707 RMW
LJP                                                     3

("Here defendants were not represented by counsel and the Court, within its discretion, declines to recognize their efforts as so unreasonable."); *Deutsche Bank Nat'l Trust Co. v. Perez*, 2012 WL 3027678 at *3, No. 12-cv-02046-LHK (N.D. Cal. 2012) ("The Court does not find attorney fees are appropriate because Defendants are pro se litigants and the rule that removal cannot be based on a federal defense is not obvious to a pro se litigant."). Notably, this appears to be the first time defendant has removed this or any other lawsuit. *Cf. Wells Fargo Bank, N.A. v. Lombera*, 2012 WL 3249497 at *3, No. 12-cv-03496-HRL (N.D. Cal. 2012) (recommending sanctions where "defendants' litigation history establishes a troubling record of repeated removals of the same unlawful detainer action, in apparent disregard of the court's prior remand orders").

Thus, the court in its discretion declines to award attorney's fees. However, defendant is hereby warned that she may be ordered to pay the other party's attorney's fees if in the future she removes a case without proper justification.

**ORDER**

For the foregoing reasons, the case is remanded to the Superior Court of California for the County of San Mateo. The request for attorney's fees and costs is denied.

DATED:    September 7, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge